Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive,
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorney for Plaintiffs, Joy and Kevin Thomas

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Joy and Kevin Thomas,<br><br>           Plaintiffs,<br><br>    vs.<br><br>NCO Financial Systems, Inc.; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiffs, Joy and Kevin Thomas, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Joy and Kevin Thomas (hereafter "Plaintiff"), are adult individuals residing at 3220 Santa Fe Way, Apt. 184, Rocklin, California 95765-5507, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, NCO Financial Systems, Inc. (hereafter "Defendant"), is a company with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by NCO Financial Systems, Inc. and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCO Financial Systems, Inc. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiffs allegedly incurred a financial obligation (the Debt) to American Medical Response (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCO Financial Systems, Inc. for collection, or NCO Financial Systems, Inc. was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     NCO Financial Systems, Inc. Engages in Harassment and Abusive Tactics**

12.     Within the last year, NCO contacted Plaintiffs in an attempt to collect the Debt.

13.     Plaintiff, Joy Thomas, suffered from several strokes and is in extremely poor health. Her son, Plaintiff, Kevin Thomas cares for his mother and her finances. Joy Thomas is the alleged debtor of the Debt.

14.     During the initial conversation and during every conversation thereafter, Plaintiffs informed NCO that the Debt had been paid in full and requested that all calls cease.

15.     Despite Plaintiffs' requests to cease communications, NCO continued to contact Plaintiffs at an excessive and harassing rate, including causing Plaintiffs' telephone to ring usually twice a day, for successive days in a row, including weekends, in attempt to collect the Debt.

16.     NCO contacted Plaintiff at a time known to inconvenient, including causing Plaintiff's telephone to ring after 9 p.m.

17.     Plaintiffs sent written verification of proof of payment of the Debt to NCO and requested again in writing that all collection attempts cease.

4

**C.     Plaintiffs Suffered Actual Damages**

18.   The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

19.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.   The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

21.   The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.   The Defendants contacted the Plaintiffs after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

23.   The Defendants contacted the Plaintiffs after having received written notification from the Plaintiffs to cease communication, in violation of 15 U.S.C. § 1692c(c).

5

24.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

27.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

29.     NCO Financial Systems, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

30.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiffs in continuous conversations with an intent to annoy the Plaintiffs, in violation of Cal. Civ. Code § 1788.11(d).

6

31. The Defendants communicated with the Plaintiffs with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

32. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent

7

invasions of privacy in an amount to be determined at trial for the Plaintiffs;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 13, 2011                TAMMY HUSSIN


By: __*/s/  Tammy Hussin*__
Tammy Hussin
Lemberg & Associates, LLC
Attorney for Plaintiffs, Joy and Kevin Thomas